**KEMP, et, Plaintiffs-Appellants, v. LENTZ, et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 1693.    Decided August 17, 1943.

Harry N. Routzohn, Dayton, George R. Murray, Dayton, Harry P. Jeffrey, Dayton, George F. Kem, Dayton, for plaintiffs-appellants.

Carroll Sprigg, Dayton, John M. Sprigg, Dayton, for defendants-appellees.

## OPINION

By THE COURT:

The above entitled cause is now being determined de novo by reason of plaintiffs' appeal on questions of law and fact from the finding and judgment of the Court of Common Pleas of Montgomery County, Ohio. By agreement of counsel the case is now submitted on the transcript of evidence presented before the trial court, plus some additional exhibits introduced in our Court for the first time.

Counsel representing the respective parties present very

able and compehensive briefs.

Rarely, indeed, is a case presented to us where counsel have been so helpful in the presentation of their respective arguments.

In addition to complimenting the reasoning, we also might make particular reference to the diction.

We are also favored with copy of the very able opinion of the trial court. What we have said above relative to the briefs applies to the opinion.

The action seeks to have determined the ownership and title to certain described church premises, located in Dayton, Ohio.

The title to, and occupancy of, the premises at the present time is in the defendants.

Prior to 1939, both plaintiffs and defendants and their followers were members of the defendant church. Sometime in 1938 some dissents arose which brought up a division as to church policy. The majority of the congregation favored the defendants, whereas a minority favored the plaintiffs. These divergent views finally resulted in the plaintiffs incorporating a new church organization under the name of The Brethren Church of Dayton, Ohio. Shortly thereafter followed the institution of the present action. The defendant organization was incorporated in 1911 and continuously since that time has maintained its church organization and held title to its church property within the city of Dayton.

The plaintiffs in their petition allege, among other things, that they are the accredited "Brethren Church of Dayton, Ohio, by the act of the Ohio District Conference of Brethren Churches and by the Brethren Churches of the General Conference of the United States; that the defendants in June, 1939, were denied representation in the Ohio District Conference of Brethren Churches and in the general conference of Brethren Churches in the United States because of the passage and adoption of a certain resolution by the defendants."

The resolution in question was through the action of the majority vote of the congregation of the defendants in withdrawing its support and allegiance to Ashland College and Ashland Seminary, said to be subsidiaries of all Brethren Churches. Purely as a factual question there is no controversy on this issue, but it is the claim and contention of the defendants that Ashland College and Ashland Seminary were man-established organizations and no part of the creed of the church; that individuals or the church itself might lend sup-

port, moral or financial, or withhold it as they or it saw fit; that the defendant church was congregationally controlled, and not subject to any ecclesiastical body superior to the individual congregation; defendants deny that at any time they used the property for the promotion of doctrines antagonistic to the original Brethren doctrine, or that they used the same in promotion of interests inimical to the interests of the Brethren Church.

In the pleadings one of the issues necessary to be determined was whether or not the church in question was congregationally controlled. We have no difficulty in determining, as did the trial court, that the Dayton Church was congregationally controlled. Without referring to' all the evidence bearing on this question, we do call attention to the following:

The Brethren Church for Ohio was incorporated in 1883. The purpose clause as contained in the articles of incorporation under paragraph 3 reads as follows:

"The purpose for which this corporation is formed is to perpetuate and extend the Christian religion and the influence of the Gospel and to that end to promote the harmony, efficiency and progress of all local Brethren Churches in the United States without interfering with congregational control and government seeking to set up or establish any creed but the New Testament. To further that purpose all members of the Brethren Church in the United States may become members of this corporation."

We find nowhere in the evidence any deviation from this principle of congregational control, although counsel for plaintiffs do argue that the defendants by sending delegates to conventions, state and national, and from time to time giving substantial support to Ashland College and Ashland Seminary, thereby adopted the ecclesiastical authority which is superior to the claimed congregational control.

We are unable to adopt this theory.

A second issue of vital importance is whether or not the defendant church departed from the doctrine of the church as originally organized. We think the law has very definitely determined that a church organization, even though congregationally controlled, may not affiliate itself with another denomination and transfer its property so long as a single

member of such a church objects to its transfer of property. This principle is also given application where a local church, while not changing its name or identity, yet departs from the church doctrines so that.it can no longer be said that it is following the creed of the organized church. The creed of the Brethren Church, while very broad in its application, is very narrow in its description, towit, "The New Testament:".

The claim is made that the defendant church organization has departed from the established creed.

The most that can be said is that a state and national conference has refused to seat its delegates, and that it is now showing allegiance to other subsidiaries, one of which is Grace Seminary. Of course, the answer to this is that both the Ashland and Grace Seminary are man-made organizations and cannot possibly be any part of the church creed. We determine that the evidence fails to show any departure under a proper definition of that term.

There are other questions which revolve around what we have already discussed. In making the observations it was our purpose to state so much as would sufficiently identify the cause and nature of the controversy.

The trial court in his opinion has not only covered the questions to which we have referred, but all others which in any way have been raised by counsel.

We are in entire harmony with the trial court in his reasoning and determination. No useful purpose could flow from elaborating upon what the trial court has already said, since our effort would be nothing more than arriving at the same conclusion with possibly different verbage.

We, therefore adopt as our own the very full and comprehensive opinion of the trial court. We do this, fully recognizing that the case is before us for determination de novo.

We make the same finding as that of the trial court, and judgment may be entered accordingly.

Costs will be adjudged against the appellants.

Cause remanded for collection of costs and any further proceeding as may be required under law.

BARNES, P. J., HORNBECK and GEIGER, JJ. concur.